UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON CARUS-WILSON,

        Petitioner,               Case Number: 04-CV-74465

v.                                 HON. JOHN CORBETT O'MEARA

SHALLIMAR MILLER,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Simon Carus-Wilson, a state inmate currently serving a term of probation, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for manufacturing between twenty and two hundred marijuana plants. Petitioner has failed to exhaust his state court remedies with respect to certain of the claims presented in his habeas petition. The Court, therefore, shall dismiss the petition without prejudice.

**I.**

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of manufacuting between twenty and two hudred marijuana plants. On March 1, 2002, he was sentenced to four years probation.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

I.  Did the trial court err in failing to grant defendant's motion for mistrial where the prosecutor improperly commented on defendant's failure to testify?

II. Did the trial court err in permitting detective Kemper to testify to his opinion as to defendant's guilt?

III. Did the trial judge err when he ruled that he would only instruct the jury as to the defense theory of mere presence if he further instructed them as to the prosecution's theory of aiding and abetting?

IV. Was the evidence produced by the prosecution insufficient as a matter of law to support defendant's conviction for manufacturing more than 20 marijuana plants?

V. Was defendant denied his right to a fair trial where the prosecution engaged in misconduct by shifting the burden of proof?

The Michigan Court of Appeals affirmed Petitioner's conviction. People v. Carus-Wilson, No. 240752 (Mich. Ct. App. Oct. 14, 2003).

Petitioner filed an application for leave to appeal in the Michigan Surpeme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v Carus-Wilson, No. 125183 (Mich. May 28, 2004). Petitioner filed a motion for reconsideration, which the Supreme Court denied. People v. Carus-Wilson, No. 125183 (Mich. Sept. 30, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

I. Prosecutorial misconduct.

II. Prosecutors expert witness not qualified.

III. Insufficient evidence.

    IV.    Judicial misconduct.

## II.

Respondent argues that the petition should be dismissed because portions of Petitioner's first three claims and his fourth claim for habeas corpus relief have not been exhausted in state court.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of

showing that state court remedies have been exhausted. Rust, 17 F.3d at 160.

Respondent argues that Petitioner failed to exhaust a portion of his prosecutorial misconduct claim. Petitioner claims that the prosecutor committed misconduct when she commented on Petitioner's failure to testify and when she mischaracterized the evidence presented in her closing argument. Petitioner presented both these claims of prosecutorial misconduct in state court. See Petitioner's brief on appeal at p. 10-14; 28-29. Therefore, these claims were properly exhausted.

In Petitioner's second claim for habeas relief, he argues that Detective Kemper should not have been qualified as an expert witness and should not have been permitted to testify regarding Petitioner's ultimate criminal responsibility. Respondent argues that Petitioner failed to present the claim that Detective Kemper should not have been permitted to give an opinion regarding Petitioner's criminal responsibility only as a state law claim. A prisoner fairly presents his claim to the state courts by:

> (1) reliance upon federal cases employing constitutional analysis;
>
> (2) reliance upon state cases employing federal constitutional analysis;
>
> (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or
>
> (4) alleging facts well within the mainstream of constitutional law.

McMeans, 228 F.3d at 681.

"General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated." Id.  This Court holds that Petitioner fairly presented his claim that the trial court incorrectly admitted irrelevant and unfairly prejudicial evidence to the state court.  While Respondent is correct that Petitioner framed this claim primarily as a state law issue in his submissions to the Michigan Court of Appeals and Michigan Supreme Court, the Court also recognizes that "[e]rrors by a state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." Kelly v. Withrow, 25 F.3d 363, 370 (6th Cir. 1994).  In light of the limited constitutional issues presented by a state court's decision to admit evidence, the Court concludes that Petitioner's arguments to the state courts in support of his evidentiary claims were sufficient to exhaust the constitutional claim presented in his habeas corpus petition.

Petitioner did not present the claim that Detective Kemper should not have been qualified as an expert witness in state court.  "The doctrine of exhaustion requires that the same claim under the same theory be presented to state courts before raising it in a habeas petition."  Pillette v. Foltz, 824 F.2d 494, 497 (6th Cir. 1987).  This portion of his claim regarding Detective Kemper's testimony, therefore, is unexhausted.

Respondent claims that Petitioner's third claim for habeas corpus relief is unexhausted.  In the first sentence of this claim, Petitioner states that "[t]he conviction of delivery manufacture is unsupported by the evidence. . ."  Petitioner was convicted of

5

manufacture, not delivery, of marijuana.  Therefore, the Court presumes that Petitioner intended to assert that the conviction of manufacture of marijuana was unsupported.  This claim was presented to the Michigan Court of Appeals and Michigan Supreme Corut and, therefore, is exhausted.

Finally, Petitioner's judicial misconduct claim has not been presented in state court.  This claim is unexhausted.

Where a petition contains both exhausted and unexhausted claims, the Sixth Circuit Court of Appeals has held that a district court may dismiss the mixed petition where the district court's order of dismissal provides safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition.  Hargrove v. Brigano, 300 F.3d 717, 719-721 (6th Cir. 2002).

In this case, the Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.  The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'"  Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002), *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001).  The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in Hargrove.  The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, November 16, 2004, until Petitioner returns to federal court.  This tolling of the limitations period is conditioned upon Petitioner pursuing exhaustion of his administrative remedies within thirty days from the

date of this order and returning to federal court within thirty days of exhausting his state court remedies.  <u>Hargrove</u>, 300 F.3d at 718.  At this time, the Court makes no finding as to the timeliness of this petition.

### III.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from November 16, 2004, until the time Petitioner returns to federal court to pursue habeas relief, provided that Petitioner pursues exhaustion of his state court remedies within thirty days from the date of this order and returns to federal court within thirty days of exhausting those remedies.

s/John Corbett O'Meara

JOHN CORBETT O'MEARA  
UNITED STATES DISTRICT JUDGE

Dated:  1/31/06